1   TYLER M. PAETKAU, Bar No. 146305
    AISHA N. BARBEAU, Bar No. 245339
2   LITTLER MENDELSON
    A Professional Corporation
3   650 California Street
    20th Floor
4   San Francisco, CA  94108.2693
    Telephone:   415.433.1940
5
    Attorneys for Defendants
6   ALTAMIRA CORPORATION doing business as
    Arby's® roast beef restaurant and
7   CHERRY CHASE INVESTORS

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION      C 07  5027

11  ROBERT McCARTHY,                    Case No. _____  HRL

12              Plaintiff,              NOTICE TO FEDERAL COURT OF
                                        REMOVAL OF CIVIL ACTION
13       v.                             PURSUANT TO 28 U.S.C. § 1331, 1441(b)
                                        AND 1446 (FEDERAL QUESTION)
14  ARBY'S ROAST BEEF RESTAURANT,
    ALTAMIRA CORPORATION and
15  CHERRY CHASE INVESTORS,

16              Defendants.

17

18       TO THE CLERK IN THE ABOVE-ENTITLED COURT AND TO PLAINTIFF

19  ROBERT McCARTHY:

20            PLEASE TAKE NOTICE THAT Defendants, Altamira Corporation doing business

21  as Arby's® roast beef restaurant and Cherry Chase Investors (hereinafter "Defendants"), hereby give

22  Notice of Removal of the above-entitled action from the Santa Clara County Superior Court to the

23  United States District Court for the Northern District of California, San Jose Division, and state as

24  follows:

25            1.    This action was commenced on July 24, 2007, by the Complaint filed in the

26  Superior Court for the County of Santa Clara, entitled *Robert McCarthy v. Arby's Roast Beef*

27  *Restaurant, Altamira Corporation, Cherry Chase Investors and Does 1 Through 10, Inclusive,* Case

28  No. 107CV090439 (hereinafter "the Complaint").

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                    1.

1           2.      Without waiving any or all objections Defendants may have regarding the

2 effectiveness of service of process, counsel for Defendants and counsel for Plaintiff agreed that

3 Defendants first received copies of the Complaint on August 29, 2007. Therefore, any response by

4 Defendants to the Complaint must be made on or before September 28, 2007. A true and correct

5 copy of the Summons and Complaint is attached hereto as Exhibit A. A true and correct copy of the

6 letter memorializing the agreement between counsel for Defendants and counsel for Plaintiff

7 regarding Defendants' receipt of the Complaint is attached hereto as Exhibit B.

8           3.      On September 27, 2007, Defendants filed an Answer to the Complaint in the

9 Superior Court for the County of Santa Clara. A true and correct copy of the Answer is attached

10 hereto as Exhibit C.

11           4.      No further proceedings have been heard at the Superior Court for the County

12 of Santa Clara.

13           5.      The instant Notice of Removal is timely filed as it is within thirty (30) days of

14 the agreed upon date of receipt of the initial pleading pursuant to 28 U.S.C. § 1446(b).

15           6.      A copy of this Notice of Removal will be filed with the Clerk for the Superior

16 Court of the State of California for Santa Clara County and served upon all parties as required by 28

17 U.S.C. § 1446(d).

18                                           **JURISDICTION**

19           7.      This is a suit of a wholly civil nature brought in a California court. The action

20 is now pending in Santa Clara County, California. Venue is proper in this Court pursuant to 28

21 U.S.C. §§ 84(a), 1391 and 1446. This case may be removed to this Court by Defendants pursuant to

22 the provisions of 28 U.S.C. § 1441(b) as a result of the existence of original jurisdiction based on

23 federal question.

24                   **INTRADISTRICT ASSIGNMENT**

25           8.      All civil actions that arise in the county of Santa Clara shall be assigned to the

26 San Jose Division. Northern District Civil Local Rule 3-2(c) and (e); 3-5(b). Further, assignment in

27 the San Jose Division is proper because a substantial part of the events or omissions giving rise to

28 the claim occurred and a substantial part of property that is the subject of the action is situated in the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION           2.

1   County of Santa Clara, California. Northern District Civil Local Rule 3-2(c) and (e).

2                              **FEDERAL QUESTION**

3        9.      Defendants are the owners and operators, lessors and/or lessees or agents, or

4   agents of the owners lessors and/or lessees of Arby's® roast beef restaurant located at 601 South

5   Bernardo Avenue, Sunnyvale, California, 94087-1020.

6        10.     Upon information and belief, Plaintiff ROBERT McCARTHY (hereinafter

7   "Plaintiff"), a disabled person, attempted to patronize Arby's® roast beef restaurant in the year of

8   2007, but claims that he was unable to do so and/or had difficulty doing so because the business was

9   allegedly inaccessible. Plaintiff alleges that the business was inaccessible because the subject

10  facilities do not comply with the ADA Access Guidelines For Buildings and Facilities. As a result,

11  Plaintiff filed the Complaint. The Complaint alleges the following causes of action: (1) denial of

12  full and equal access, failure to make alterations in such a manner that the altered portions of the

13  facility are readily accessible and usable by individuals with disabilities, failure to remove

14  architectural barriers and failure to modify practices, policies and procedures all in violation of the

15  Americans with Disabilities Act; (2) denial of full and equal access and failure to modify practices

16  and policies and procedures in violation of the California Civil Code and discrimination in violation

17  of the California Unruh Act; and (3) violation of the California Business and Professions Code.

18       11.     Because Plaintiff alleges that Defendants denied him access to a public

19  accommodation in violation of the Americans with Disabilities Act, a federal statue, this action is a

20  civil action arising under the laws of the United States of which this Court has original jurisdiction

21  over pursuant to 28 U.S.C. § 1331. Defendants may remove this action to this Court pursuant to 28

22  U.S.C. §§ 1441(b) and 1446 because of the existence of original jurisdiction based on federal

23  question. With respect to Plaintiff's California state law causes of action, these causes of action are

24  removable pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367 because they

25  are so related to the federal causes of action that they form part of the same case or controversy.

26  Thus, this action is removable in its entirety.

27       12.     Contemporaneously with the filing of this Notice of Removal in the United

28  States District Court for the Northern District of California, Defendants will file a Notice of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION                 3.

1   Removal to Federal Court to Plaintiff, Plaintiff's Counsel and State Court (with its attachments) with

2   the Clerk of the Superior Court for the County of Santa Clara.   A true and correct of said Notice

3   without attachments is attached hereto as Exhibit D.

4          Wherefore, having provided notice as is required by law, the above-entitled action

5   should be removed from the Superior Court for the County of Santa Clara to this Court.

6   Dated: September 28, 2007

7

8

9   TYLER M. PAETKAU
    LITTLER MENDELSON

10  A Professional Corporation
    Attorneys for Defendants

11  ALTAMIRA CORPORATION doing business
    as Arby's® roast beef restaurant

12  and CHERRY CHASE INVESTORS

13  Firmwide:83166670.1 057642.1001

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

NOTICE TO FEDERAL COURT OF
REMOVAL OF CIVIL ACTION

4.

# EXHIBIT A

09-01-2007   02:23pm   From-Pinnock Wakefield                        6198569646                T-291   P.021/026   F-431

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED**

2007 JUL 24  A 9: 14

KIRI TORRE, CLERK OF THE SUPERIOR COURT
COUNTY OF SANTA CLARA, CALIFORNIA
BY: J. Cao-Nguyen
DEPUTY CLERK

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO:)*
ARBY'S ROAST BEEF RESTAURANT; ALTAMIRA
CORPORATION; CHERRY CHASE INVESTORS; AND DOES 1
THROUGH 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROBERT McCARTHY

CASE NUMBER: 1 0 5 CV 0 9 0 4 3 9

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response.  You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
    Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California For Santa Clara County<br>191 North First Street, San Jose, CA 95113 | CASE NUMBER:<br>*(Número del Caso):* 1 0 5 CV 0 9 0 4 3 9 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David C. Wakefield, Pinnock & Wakefield, 3033 Fifth Avenue, Suite 410, San Diego, CA  92103
Tel: 619.858.3671; Fax: 619.858.3667

| DATE:<br>*(Fecha)* Jun 2 4 2007 | Kiri Torre<br>Chief Executive Officer/Clerk Clerk, by _____, Deputy<br>*(Secretario)*  J. Cao-Nguyen  *(Adjunto)* |
|---|---|

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): *Altamira Corporation*

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
         ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

116A30836.tif - 8/17/2007 3:22:46 PM

08-01-2007   02:22pm   From-Pinnock Wakefield                                6198593646              T-281   P.018/026   F-431

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| DAVID C. WAKEFIELD, ESQ   SBN: 185736<br>PINNOCK & WAKEFIELD, APC<br>3033 FIFTH AVENUE, SUITE 410<br>SAN DIEGO, CA 92103<br>TELEPHONE NO: 619.858.3671   FAX NO: 619.858.3646<br>ATTORNEY FOR (Name): Plaintiff Robert McCarthy | **ENDORSED**<br>2007 JUL 24 A 9: 4<br><br>J. Cao-Nguyen |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Santa Clara
  STREET ADDRESS: 191 North First Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Jose, CA 95113
  BRANCH NAME: Downtown Superior Court

CASE NAME:
Robert McCarthy v ARBY'S ROAST BEEF RESTAURANT, et.al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**1 07 CV 090439** |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [✓] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel        e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve                    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence        f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 7-19-2007
David C. Wakefield
      (TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 (Rev. July 1, 2007)

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

08-01-2007   02:19pm   From-Pinnock Wakefield                    6198583646          T-281  P.002  F-431

1   **PINNOCK & WAKEFIELD**
    A Professional Corporation
2   David C. Wakefield, Esq.    Bar #: 185736
    3033 Fifth Avenue, Suite 410
3   San Diego, CA 92103
    Telephone:  619.858.3671
4   Facsimile:  619.858.3646

5   Attorneys for Plaintiffs

6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA
                            COUNTY OF SANTA CLARA
9

10  ROBERT McCARTHY,              Case No.:   **1 0 7 C V 0 9 0 4 3 9**

11              Plaintiff,        **COMPLAINT**

12                                **DISCRIMINATORY PRACTICES IN**
13          v.                    **PUBLIC ACCOMMODATIONS**
                                  [42 U.S.C. 12182(a) ET. SEQ; CA CIVIL
14  ARBY'S ROAST BEEF             CODE 51, 52, 54, 54.1, 54.3; CA
    RESTAURANT; ALTAMIRA          HEALTH & SAFETY CODE § 19955;
15  CORPORATION; CHERRY CHASE     CA BUSINESS & PROFESSIONS Code
    INVESTORS; AND DOES 1         § 17200 ]
16  THROUGH 10, Inclusive,
17              Defendants.       **DEMAND FOR JURY TRIAL**
                                  [F.R.Civ.P. rule 38(b)]
18
                                  **UNLIMITED CIVIL CASE – AMOUNT**
19                                **DEMANDED EXCEEDS $25,000.00;**
20                                **PERMANENT INJUNCTIVE RELIEF**

21

22

23

24                               **INTRODUCTION**

25  1.     Plaintiff ROBERT McCARTHY herein complains, by filing this Civil Complaint in

26  accordance with rules of Civil Procedure in the Superior Court For The State Of California, that

27  Defendants have in the past, and presently are, engaging in discriminatory practices against

28

                                         1

                                                              COMPLAINT
                                                              CASE #

                                              116A30836.fif - 8/1/2007 3:22:46 PM

08-01-2007   02:20pm   From-Pinnock Wakefield                    6188583646                    T-281   P:003   F-431

1   individuals with disabilities. Plaintiff alleges this civil action and others substantial similar thereto

2   are necessary to compel access compliance because empirical research on the effectiveness of Title

3   III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal

4   access simply by the executive branches of the Government funding and promoting voluntary

5   compliance efforts.  Further, empirical research shows when individuals with disabilities give

6   actual notice of potential access problems to places of public accommodation without a civil rights

7   action, the public accommodations do not remove the access barriers.  Therefore, Plaintiff makes

8   the following allegations in this federal civil rights action:

9   2.      The property that is the subject of this action is located in Santa Clara County.

10   3.      Venue is proper in Santa Clara County because a substantial part of Plaintiffs' claims arose

11   within Santa Clara County and the property that is the subject of this action is situated in Santa

12   Clara County.

13

14                          NAMED DEFENDANTS AND NAMED PLAINTIFF

15   4.      Defendants are, and, at all times mentioned herein, were, a business or corporation or

16   franchise organized and existing and/or doing business under the laws of the State of California.

17   Plaintiff is informed and believes and thereon alleges that Defendant ARBY'S ROAST BEEF

18   RESTAURANT is located at 601 South Bernardo Avenue, Sunnyvale, California, 94087-1020.

19   Plaintiff is informed and believes and thereon alleges that Defendant ALTAMIRA

20   CORPORATION is the owner, operator, and/or franchisee of the ARBY'S ROAST BEEF

21   RESTAURANT located at 601 South Bernardo Avenue, Sunnyvale, California, 94087-1020.

22   Defendant ALTAMIRA CORPORATION is located at P.O. Box 11626, San Rafael, California,

23   94912-1626.  Plaintiff is informed and believes and thereon alleges that Defendant CHERRY

24   CHASE INVESTORS is the owner, operator, and/or lessor of the real property located at 601

25   South Bernardo Avenue, Sunnyvale, California, 94087-1020, Assessor Parcel Number 198-16-02.

26   Defendant CHERRY CHASE INVESTORS is located in San Jose, California.

27   5.      The words Plaintiffs and Plaintiff as used herein specifically include ROBERT

28

2

COMPLAINT
CASE #

116A30835.tif - 8/1/2007 3:22:46 PM

1  McCARTHY.

2  6.      Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers,

3  employees, agents, of ARBY'S ROAST BEEF RESTAURANT; ALTAMIRA CORPORATION;

4  and/or CHERRY CHASE INVESTORS.  Plaintiff is ignorant of the true names and capacities of

5  Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by

6  such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the

7  true names and capacities of the Does when ascertained.

8  7.      Plaintiff is informed and believes, and thereon alleges, that Defendants and each of them

9  herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee,

10  general partner, limited partner, agent, employee, representing partner, or joint venturer of the

11  remaining Defendants and were acting within the course and scope of that relationship.  Plaintiff is

12  further informed and believes, and thereon alleges, that each of the Defendants herein gave consent

13  to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

14

15                                  **CONCISE SET OF FACTS**

16  8.      Plaintiff ROBERT McCARTHY  (hereinafter "MCCARTHY") has physical impairments

17  and due to these impairments he has learned to successfully operate a wheelchair for mobility.

18  Plaintiff MCCARTHY said physical impairments substantially limit one or more of the following

19  major life activities including but not limited to:  walking.

20  9.      In year 2007, Plaintiff MCCARTHY went to Defendants' public accommodation facilities

21  known as ARBY'S ROAST BEEF RESTAURANT, (hereinafter "ARBY'S") located at 601 South

22  Bernardo Avenue, Sunnyvale, California, 94087-1020, Assessor Parcel Number 198-16-02, to

23  utilize their goods and/or services accompanied by a friend.  When Plaintiff MCCARTHY

24  patronized Defendants' ARBY'S facilities, he was unable to use and/or had difficulty using the

25  public accommodations' disabled parking, exterior path of travel, entrance, customer service

26  counter, and men's restroom facilities including but not limited to the facilities were not accessible

27  because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter

28

                                            3

                                                                            COMPLAINT
                                                                            CASE #

referred to as "ADAAG" and codified in 28 C.F.R. Part 36, App. A) and/or California's Title 24

Building Code Requirements. Defendants failed to remove barriers to equal access within their

public accommodation facilities known as the.

10.     Plaintiff MCCARTHY personally experienced difficulty with said access barriers at

ARBY'S. The following examples of known barriers to access are not an exhaustive list of the

barriers to access that exist at Defendants' facilities.  For example, at the entrance(s) to the parking

lot facilities of ARBY'S, there fails to be the required disability signage informing patrons they

may be fined or their vehicle may be towed if they unlawfully park in a disabled parking space.

The parking facilities completely fail to have the required "Van Accessible" disabled parking.

There is one (1) existing designated disabled parking space located next to the building, however

this one (1) designated disabled parking space fails to have the required access aisle.  The existing

disabled parking space is fourteen feet (14') wide, again with no access aisle.  The existing

disabled parking space fails to be the proper size to accommodate a proper "Van Accessible"

disabled parking space and "Van Accessible" access aisle as it is too narrow.  As there fails to be

the required "Van Accessible" disabled parking space and as the existing disabled parking space

fails to have the required access aisle, Plaintiff MCCARTHY was forced to park his lift equipped

van far away from the ARBY'S establishment and far away from other parked vehicles to allow

Plaintiff MCCARTHY to safely use the van's deployable motorized access ramp.  After being able

to safely depart from his vehicle, Plaintiff MCCARTHY was then forced to maneuver his

wheelchair through the rainy and slick parking lot and behind parked vehicles other than his own to

access the entrance to the ARBY'S restaurant..

11.     There fails to be a designated safe and accessible exterior path of travel leading from the

public sidewalk to the entrance of the ARBY'S restaurant.

12.     The entrance door to ARBY'S fails to have the required disability signage.  Additionally,

the customer service order and pick-up counter is too high to be accessible.  The customer service

counter is thirty-six inches (36") high and has a twelve inch (12") deep wooden slanted buffer

attached to the front of the counter.  As a result of the counter height and existence of the twelve

4

COMPLAINT
CASE #

08-01-2007   02:20pm   From-Pinnock Wakefield                    6198593646              T-291   P.006    F-431

1   inch (12") buffer in the front, Plaintiff MCCARTHY found it extremely difficult to reach over this

2   counter to conduct his transaction for food.

3   13.    While patronizing the ARBY'S restaurant, Plaintiff MCCARTHY needed to use the

4   restroom facilities.  The men's restroom is located outside of the ARBY'S restaurant and towards

5   the rear of the building.  The men's restroom entrance door has an impermissible slot-type lock that

6   requires tight grasping and/or twisting of the wrist to operate.  As a result., Plaintiff MCCARTHY

7   was not able to grasp and twist this locking mechanism to engage the lock.  The commode seat

8   protective cover dispenser fails to be accessible, as the commode blocks the dispenser and the

9   dispenser is mounted too high to be accessible at fifty-three inches (53") above the finished floor.

10  The commode seat is too low to be accessible, as the commode seat is a mere fifteen inches (15")

11  high.  Plaintiff MCCARTHY found it impossible to transfer from his wheelchair onto the low

12  commode, as the commode was too far from the side wall.  The front centerline of the commode is

13  a mere eighteen and one-half inches (18 1/2") from the wall.  Also, the rear centerline of the

14  commode is twenty inches (20") from the wall.  The urinal in this men's restroom also fails to be

15  accessible, as the urinal lip is twenty inches (20") high.  As a result, Plaintiff MCCARTHY was

16  precluded from using the urinal.  The operable parts of the paper towel dispenser are mounted too

17  high to be accessible, as the operable parts are sixty-two inches (62") above the finished floor.

18  Also, the bottom edge of the mirror is mounted too high, as the bottom edge is mounted forty-eight

19  inches (48") above the finished floor.  The lavatory sink hot water pipe and drainage pipe fail to

20  have the required insulation.

21  14.    Plaintiff can prove these barriers as Plaintiff conducted a preliminary survey of Defendants'

22  facility.  Plaintiff specifically alleges that Defendants knew, to a substantial certainty, that the

23  architectural barriers precluded wheelchair access.  First, Plaintiff will prove that Defendants had

24  actual knowledge that the architectural barriers precluded wheelchair access and that the

25  noncompliance with ADAAG as to accessible entrances was intentional.  Second, due to the

26  abundance of ADA information and constant news covers of ADA lawsuits, Defendants had actual

27  knowledge of the ADA and decided deliberately not to remove architectural barriers.  Third,

28

5

COMPLAINT
CASE #

116A90835.tif - 8/1/2007 3:22:46 PM

1   Defendants have no plans to remodel.  Fourth, Defendants had actual knowledge of ADA given all

2   the ADA public awareness campaigns, the abundance of free ADA information and the media's

3   constant ADA coverage.  Fifth, a human being acting for the defendants made a conscious decision

4   as to how to proceed given the presence of the architectural barriers.  Plaintiff alleges any

5   alternative methods preclude integration of wheelchair patrons, as it requires them to use a second-

6   class entrance.  Also, expert testimony will show the facility contained inaccessible features.

7   Plaintiff alleges businesses often state that they have few customers with disabilities.  Plaintiff

8   alleges such customers avoid patronizing inaccessible businesses and are deterred from patronizing

9   such businesses.

10  15.    Plaintiff MCCARTHY intends to return to Defendants' public accommodation facilities in

11  the immediate future.  Plaintiff MCCARTHY is presently deterred from returning due to their

12  knowledge of the barriers to access that exist at Defendants' facilities.

13  16.    Pursuant to federal and state law, Defendants are required to remove barriers to their

14  existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under

15  the Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants

16  should have known that individuals with disabilities are not required to give notice to a

17  governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

18  17.    Plaintiff believes and herein alleges Defendants' facilities have access violations not directly

19  experienced by Plaintiff MCCARTHY which would preclude or limit access by MCCARTHY and

20  other persons with disabilities, potentially including but not limited to violations of the ADA, ADA

21  Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A) and Title 24 of the California

22  Building Code.  Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily

23  Achievable Barrier Removal approved by the United States Department of Justice and created by

24  Adaptive Environments.

25  18.    Based on these facts, Plaintiff alleges he was discriminated against each time he patronized

26  Defendants' facilities.  Plaintiff MCCARTHY was extremely upset due to Defendants' conduct.

27

28

<center>6</center>

COMPLAINT
CASE #

116A30835.tif - 8/1/2007 3:22:46 PM

<u>NOTICE</u>

19.    Plaintiff is not required to provide notice to the defendants prior to filing a complaint. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS PLAINTIFF IS ALLEGING AGAINST EACH NAMED DEFENDANT**

20.    ARBY'S ROAST BEEF RESTAURANT; ALTAMIRA CORPORATION; CHERRY CHASE INVESTORS; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

21.    Plaintiff aver that the Defendants are liable for the following claims as alleged below:

<u>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS</u>

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS- <u>Claims Under The Americans With Disabilities Act Of 1990</u>

CLAIM I AGAINST ALL DEFENDANTS: <u>Denial Of Full And Equal Access</u>

22.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a). Thus, Plaintiff MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff MCCARTHY was denied equal access to Defendants' existing facilities.

23.    Plaintiff ROBERT McCARTHY has physical impairments as alleged in ¶ 9 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular. Further, Plaintiff MCCARTHY said physical impairments substantially limits one or more of the following major life activities: walking. In addition, Plaintiff MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person. Moreover, Plaintiff

7

COMPLAINT
CASE #

116A30835.tif - 8/1/2007 3:22:46 PM

MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: <u>Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities</u>

24.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

25.     Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

26.     Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a).  Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

27.     Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

8

COMPLAINT
CASE #

116A30835.tif - 8/1/2007 3:22:46 PM

CLAIM III AGAINST ALL DEFENDANTS: Failure To Remove Architectural Barriers

28.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants.  Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the physical elements of Defendants' facilities in violation of Americans With Disabilities Act Accessibility Guidelines (Codified in 28 C.F.R. Part 36, App. A; hereinafter "ADAAG") and Title 24 of the California Building Code.  Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).]  Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.  [See 42 United States Code 12182(b)(2)(A)(iv).]  Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: Failure To Modify Practices, Policies And Procedures

29.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT McCARTHY was denied equal access to Defendants' existing facilities.

30.     Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II, and III of Plaintiffs' First Cause Of

9

COMPLAINT
CASE #

Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

31.     WHEREFORE, Plaintiff prays for judgment and relief as hereinafter set forth.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - <u>CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS</u>

**CLAIM I: <u>Denial Of Full And Equal Access</u>**

32.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere in this complaint, Plaintiff ROBERT McCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1. Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide equal access to Defendants' facilities.

33.     These violations denied Plaintiff ROBERT McCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT McCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

**CLAIM II: <u>Failure To Modify Practices, Policies And Procedures</u>**

34.     Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint, Defendants

10

COMPLAINT
CASE #

116A30835.tif - 8/1/2007 3:22:46 PM

1   failed and refused to provide a reasonable alternative by modifying its practices, policies, and

2   procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others

3   similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.

4   Thus, Plaintiff ROBERT McCARTHY was subjected to discrimination in violation of Civil Code §

5   54.1.

6   CLAIM III: Violation Of The Unruh Act

7   35.    Based on the facts plead at ¶¶ 8 - 18 above and elsewhere herein this complaint and because

8   Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code §

9   12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate

10  against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

11  36.    Based on the facts plead at ¶¶ 8 - 18 above, Claims I, II, and III of Plaintiffs' Second Cause

12  Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable

13  harm unless Defendants are ordered to remove architectural, non-architectural, and communication

14  barriers at Defendants' public accommodation.  Plaintiff alleges that Defendants' discriminatory

15  conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a

16  substantial segment of the disability community.  Plaintiff alleges there is a state and national

17  public interest in requiring accessibility in places of public accommodation.  Plaintiff has no

18  adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to

19  return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges

20  that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights

21  laws enacted for the benefit of individuals with disabilities.

22  37.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

23

24  Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

25  38.    Defendants, each of them respectively, at times prior to and including the day Plaintiff

26  patronized Defendants' facilities, and continuing to the present time, knew that persons with

27  physical disabilities were denied their rights of equal access to all potions of this public facility.

28

COMPLAINT
CASE #

Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' public accommodation facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

39.     Defendants, and each of their actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiff and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants, and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff and other members of the public with physical disabilities.

40.     Plaintiff prays for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners, lessors/lessees, and operators of other public facilities from willful disregard of the rights of persons with disabilities. Plaintiff does not know the financial worth of Defendants, or the amount of damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

<div align="center">12</div>

<div align="right">COMPLAINT<br>CASE #</div>

1   41.    Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

2   THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS - **Violation of Business and**

3   **Professions Code section 17200 et seq.**

4   42.    Plaintiff incorporates by reference herein the facts plead at ¶¶ 8-18 above and elsewhere in

5   this complaint.

6   43.    Pursuant to federal law, Defendants are required to remove barriers to their existing

7   facilities. Title III of the Americans With Disabilities Act requires places of public accommodation

8   to remove architectural barriers that are structural in nature to existing facilities. [42 United States

9   Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person

10  who has a known association with a person with a disability are forms of discrimination. [See 42

11  United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT MCCARTHY was subjected to

12  discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188

13  because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing

14  facilities. Also, Defendants' facilities failed to provide full and equal access to Defendants' facility

15  as required by 42 U.S.C. § 12182(a). Thus, Plaintiff ROBERT MCCARTHY was subjected to

16  discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188

17  because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing

18  facilities. Additionally, as a result of said access barriers, Defendants failed and refused to provide

19  a reasonable alternative by modifying its practices, policies and procedures in that they failed to

20  have a scheme, plan, or design to assist Plaintiff ROBERT MCCARTHY and/or others similarly

21  situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus,

22  Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States

23  Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff was denied equal access to

24  Defendants' existing facilities.

25  44.    Pursuant to state law, Defendants are also required to remove barriers to their existing

26  facilities. These violations denied Plaintiff ROBERT MCCARTHY full and equal access to

27

28                                          13

Defendants' facilities. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination

pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff was denied full, equal and safe access

to Defendants' facility. Further, Defendants' facility, and other goods, services, and/or facilities

provided to the public by Defendants are not accessible to and usable by persons with disabilities as

required by Health and Safety Code § 19955 which requires private entities to make their facility

accessible before and after remodeling, and to remove architectural barriers on and after AB 1077

went into effect. Additionally, Defendants failed and refused to provide a reasonable alternative by

modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or

design to assist Plaintiff ROBERT MCCARTHY and/or others similarly situated in entering and

utilizing Defendants' services as required by Civil Code § 54.1. Thus, Plaintiff ROBERT

MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1. Also, under the

Unruh Act, Defendants violated the Civil Code § 51 by failing to comply with 42 United States

Code 12182(b)(2)(A)(iv), Defendants did and continue to discriminate against Plaintiff ROBERT

MCCARTHY and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

Further, Defendants had actual knowledge of their barrier removal duties under the Americans with

Disabilities Act, the California Civil Code, and the California Health & Safety Code before January

26, 1992.

45.     Business and Professions Code section 17200 defines "unfair competition" and prohibited

activities as, ". . . any unlawful, unfair or fraudulent business act or practice and unfair, deceptive,

untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section

17500) of Part 3 of Division 7 of the Business and Professions Code." Defendants' acts and

omissions alleged herein are violations of the above-enumerated federal and state statutory

requirements and public policy and therefore constitute unfair competition and/or prohibited

activities as such violations are *unlawful, unfair or fraudulent business acts or practices.*

Defendants' alleged unlawful, unfair, or fraudulent business acts or practices are specifically

prohibited by the specific introductory language of B&P section 17200 that is stated in the

14

COMPLAINT
CASE #

116A30835.tff - 8/1/2007 3:22:46 PM

1   conjunctive. Consequently, Plaintiff alleges that Defendants' acts and omissions constitute a

2   violation specifically of this section 17200 of the Business and Professions Code.

3   46.    Title III of the ADA mandates removal of architectural barriers and prohibits disability

4   discrimination. As well, Defendants' facility, and other goods, services, and/or facilities provided

5   to the public by Defendants are not accessible to and usable by persons with disabilities as required

6   by CA Health and Safety Code § 19955 which requires private entities to make their facility

7   accessible before and after remodeling, and to remove architectural barriers on and after AB 1077

8   went into effect.

9   47.    Plaintiff seeks injunctive relief requiring Defendants to comply with the disabled access

10   laws of the State of California at their facilities.

11   48.    WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

12                       **DEMAND FOR JUDGMENT FOR RELIEF:**

13   A.    For general damages pursuant to Cal. Civil Code §§ 52 or 54.3;

14   B.    For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil

15   Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines

16   (Codified in 28 C.F.R. Part 36, App. A);

17   C.    In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for

18   $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code §

19   54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

20   D.    For injunctive relief pursuant to 42 U.S.C. § 12188(a), CA Business & Professions Code §

21   17200, and CA Health & Safety Code §19955. Plaintiff requests this Court enjoin Defendants to

22   remove all architectural and communication barriers in, at, or on their facilities including without

23   limitation violations of the ADA, ADA Accessibility Guidelines and Title 24 of the California

24   Building Code;

25   E.    For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, Cal. Code of Civil

26   Procedure §§ 1032 and 1033.5, and Cal. Civil Code §§ 52, 54.3;

27   F.    For treble damages pursuant to Cal. Civil Code §§ 52(a) or 54.3(a);

28

                                      15

                                                          COMPLAINT
                                                          CASE #

G.     A Jury Trial and;

H.     For such other further relief as the court deems proper.


Respectfully submitted:


                                        PINNOCK & WAKEFIELD, A.P.C.


Dated: July 19, 2007

                                        By: _____
                                            DAVID C. WAKEFIELD, ESQ.
                                            Attorneys for Plaintiff


16

116A30835.tif - 8/1/2007 3:22:46 PM

**ATTACHMENT A**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: **1 0 7 C V 0 9 0 4 3 9**

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

## READ THIS ENTIRE FORM

*PLAINTIFFS* (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANTS* (the person(s) being sued): You must do each of the following to protect your rights:

1. You must file a written response to the Complaint, in the clerk's office of the Court, within **30 days** of the date the *Summons* and *Complaint* were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

   **Warning: If you do not do these three things, you may automatically lose this case.**

---

*RULES AND FORMS:*  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC. You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

| | | |
|---|---|---|
| Your Case Management Judge is: | Neal A Cabrinha | *DEPT:* 10 |

*The first CMC is scheduled as follows:* (Completed by Clerk of Court)
Date: **DEC 1 8 2007**  Time: 3:45 PM  Dept.: 10

*The next CMC is scheduled as follows:*  (Completed by party if the first CMC was continued or has passed)
Date: _____  Time: _____  Dept.: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012
Rev. 10/1/04

**CIVIL LAWSUIT NOTICE**

116A30835.tif - 8/1/2007 3:22:46 PM

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
    < The parties want a non-adversary procedure
    < The parties have a continuing business or personal relationship
    < Communication problems are interfering with a resolution
    < There is an emotional element involved
    < The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

---

CV-5003 REV 5/06

116A30835.tif - 8/1/2007 3:22:46 PM

<     Arbitration is a normally informal process in which the neutral (the arbitrator) decides the dispute after hearing the evidence and arguments of the parties.  The parties can agree to binding or non-binding arbitration.  Binding arbitration is designed to give the parties a resolution of their dispute when they cannot agree by themselves or with a mediator.   If the arbitration is non-binding, any party can reject the arbitrator's decision and request a trial.

Arbitration may be appropriate when:
<     The action is for personal injury, property damage, or breach of contract
<     Only monetary damages are sought
<     Witness testimony, under oath, is desired
<     An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

<     Neutral evaluation is an informal process in which a neutral party (the evaluator) reviews the case with counsel and gives a non-binding assessment of the strengths and weaknesses on each side and the likely outcome.  The neutral can help parties to identify issues, prepare stipulations, and draft discovery plans.  The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
<     The parties are far apart in their view of the law or value of the case
<     The case involves a technical issue in which the evaluator has expertise
<     Case planning assistance would be helpful and would save legal fees and costs
<     The parties are interested in an injunction, consent decree, or other form of equitable relief

<     Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.

Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

<     Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.

Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*

Although some disputes must go to court, almost any dispute can be resolved through ADR.  This includes disputes involving business matters; civil rights; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; and sports, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, for information about ADR procedures, or for other questions about ADR?*

Contact:
Santa Clara County Superior Court                Santa Clara County DRPA Coordinator
ADR Administrator                                  408-792-2704
408-882-2530

---

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION**

CV-5003 REV 5-08

116A30835.tif - 8/1/2007 3:22:46 PM

# EXHIBIT B



LITTLER MENDELSON®
A PROFESSIONAL CORPORATION

September 11, 2007

Aisha N. Barbeau
Direct: 415.677.3157
Direct Fax: 415.399.8490
abarbeau@littler.com

**VIA U.S. MAIL**

David Wakefield, Esq.
Pinnock & Wakefield
A Professional Corporation
3033 Fifth Avenue, Suite 410
San Diego, CA  92103

Re:   *Robert McCarthy v. Arby's Roast Beef, Altamira Corporation and Cherry Chase
Investors*, filed in the California Superior Court, Santa Clara County, Case No.
107CV090439

Dear Mr. Wakefield:

I am writing on behalf of Altamira Corporation and Cherry Chase Investors.  This letter
confirms our discussion earlier today by phone in which I communicated to you that our
clients dispute whether or not service of process has been effective in the above referenced
matter.  Without waiving any or all objections our clients may have regarding the
effectiveness of service of process, you and I agreed that service was deemed effective on
August 29, 2007, and accordingly our clients response to the Complaint is due on or before
September 28, 2007.  Please contact me if you have any questions or comments.

Very truly yours,

Aisha N. Barbeau

# EXHIBIT C

1  TYLER M. PAETKAU, Bar No. 146305
   AISHA N. BARBEAU, Bar No. 245339
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
5
   Attorneys for Defendants
6  ALTAMIRA CORPORATION doing business as
   Arby's® roast beef restaurant and
7  CHERRY CHASE INVESTORS

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10 ROBERT McCARTHY,                      Case No. 107CV090439

11          Plaintiff,                   **DEFENDANTS ALTAMIRA**
                                         **CORPORATION AND CHERRY CHASE**
12     v.                                **INVESTORS' ANSWER TO PLAINTIFF'S**
                                         **UNVERIFIED COMPLAINT FOR**
13 ARBY'S ROAST BEEF RESTAURANT,         **DAMAGES AND INJUNCTIVE RELIEF**
   ALTAMIRA CORPORATION,
14 CHERRY CHASE INVESTORS                Dept:        10
   and DOES 1 through 10, inclusive,     Judge:       Hon. Neal A. Cabrinha
15
          Defendants.
16

17

18

19        Defendants ALTAMIRA CORPORATION doing business as Arby's® roast beef

20 restaurant and CHERRY CHASE INVESTORS (hereinafter "Defendants") answer Plaintiff

21 ROBERT McCARTHY'S (hereinafter "Plaintiff") unverified Complaint alleging discriminatory

22 practices in public accommodations in violation of the Americans with Disabilities Act,

23 discriminatory practices in public accommodations in violation of the California Civil Code and

24 unfair competition in violation of California's Business and Professions Code on file in the above-

25 entitled action as follows:

26                              **GENERAL DENIAL**

27        Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants hereby

28 answer the Complaint filed by Plaintiff by generally denying each and every allegation contained

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT        CASE NO. 107CV090439

1  therein, by denying that Plaintiff has been damaged or has sustained any damages as a result of the

2  conduct alleged therein, and by asserting the following separate and distinct affirmative defenses:

## AFFIRMATIVE DEFENSES

4      As separate and distinct affirmative defenses to Plaintiff's unverified Complaint,

5  Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE—

7  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

8  to make alterations in such a manner that the altered portions of the facility are readily accessible

9  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

10  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

11  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

12  and policies and procedures in violation of the California Civil Code and for discrimination in

13  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

14  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

15  ROBERT McCARTHY)

16      Defendants allege that neither the Complaint, nor any cause of action set forth

17  therein, states facts sufficient to constitute a cause of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE—

19  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

20  to make alterations in such a manner that the altered portions of the facility are readily accessible

21  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

22  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

23  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

24  and policies and procedures in violation of the California Civil Code and for discrimination in

25  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

26  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

27  ROBERT McCARTHY)

28      Defendants allege that Plaintiff's causes of action are barred, in whole or in part, by

LITTLER MENDELSON
Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

2.

1   all of the applicable statutes of limitation, including, but not limited to, California Code of Civil

2   Procedure Sections 338 and 343 and California Business and Professions Code Section 17208.

3                      **THIRD AFFIRMATIVE DEFENSE—**

4   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

5   to make alterations in such a manner that the altered portions of the facility are readily accessible

6   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

8   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

9   and policies and procedures in violation of the California Civil Code and for discrimination in

10  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

12  ROBERT McCARTHY)

13             Defendants allege that Plaintiff's claims are barred, in whole or in part, because

14  Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged

15  conduct and/or omissions of Defendants.

16                     **FOURTH AFFIRMATIVE DEFENSE—**

17  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18  to make alterations in such a manner that the altered portions of the facility are readily accessible

19  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22  and policies and procedures in violation of the California Civil Code and for discrimination in

23  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25  ROBERT McCARTHY)

26             Defendants allege that Plaintiff's claims for injunctive relief are barred, in whole or in

27  part, because Plaintiff's legal remedies are adequate.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          CASE NO. 107CV090439

1

## FIFTH AFFIRMATIVE DEFENSE—

2  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3  to make alterations in such a manner that the altered portions of the facility are readily accessible

4  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7  and policies and procedures in violation of the California Civil Code and for discrimination in

8  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10  ROBERT McCARTHY)

11            Defendants allege that Plaintiff's claims are barred from any remedy, or certain

12  remedies, under the doctrines of laches, waiver and/or estoppel.

13

## SIXTH AFFIRMATIVE DEFENSE—

14  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

15  to make alterations in such a manner that the altered portions of the facility are readily accessible

16  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

17  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

18  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

19  and policies and procedures in violation of the California Civil Code and for discrimination in

20  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

21  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

22  ROBERT McCARTHY)

23            Defendants allege that Plaintiff has failed to mitigate his alleged damages.

24

## SEVENTH AFFIRMATIVE DEFENSE—

25  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access failure

26  to make alterations in such a manner that the altered portions of the facility are readily accessible

27  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

28  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

TILER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

4.

1  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2  and policies and procedures in violation of the California Civil Code and for discrimination in

3  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5  ROBERT McCARTHY)

6          Defendants allege that California Civil Code Sections 51, 52, 54, 54.1 and 54.3 and

7  California Health and Safety Code Sections 19955 et seq. do not create a private cause of action for

8  damages for alleged discrimination. Civil Code Section 55 provides only a private cause of action to

9  enjoin such alleged statutory violations.

10

11                          **EIGHTH AFFIRMATIVE DEFENSE—**

12  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

13  to make alterations in such a manner that the altered portions of the facility are readily accessible

14  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

15  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

16  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

17  and policies and procedures in violation of the California Civil Code and for discrimination in

18  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

19  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

20  ROBERT McCARTHY)

21          Assuming, *arguendo*, that Plaintiff was denied access to a place of public

22  accommodation, Defendants allege that such exclusion was not unlawful because access could not

23  be provided to Plaintiff without causing undue hardship to Defendants.

24                          **NINTH AFFIRMATIVE DEFENSE—**

25  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

26  to make alterations in such a manner that the altered portions of the facility are readily accessible

27  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

28  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

LITTLER MENDELSON
PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

1    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2    and policies and procedures in violation of the California Civil Code and for discrimination in

3    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5    ROBERT McCARTHY)

6                    Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

7    Defendants allege that such exclusion was not unlawful because access could not be provided to

8    Plaintiff without fundamentally altering the nature and/or character of the business establishment and

9    the goods and services provided therein.

10                    **TENTH AFFIRMATIVE DEFENSE—**

11   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

12   to make alterations in such a manner that the altered portions of the facility are readily accessible

13   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

14   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

15   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

16   and policies and procedures in violation of the California Civil Code and for discrimination in

17   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

18   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

19   ROBERT McCARTHY)

20                    Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

21   Defendants allege that such exclusion was not unlawful because barrier removal was not "readily

22   achievable."

23                    **ELEVENTH AFFIRMATIVE DEFENSE—**

24   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

25   to make alterations in such a manner that the altered portions of the facility are readily accessible

26   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

27   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

28   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

6.

1    and policies and procedures in violation of the California Civil Code and for discrimination in

2    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

3    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

4    ROBERT McCARTHY)

5            Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

6    Defendants allege that such exclusion was not unlawful because the facility operated by Defendants

7    was not a newly constructed facility nor did it have any alterations, requiring compliance with Title

8    III of the American's with Disabilities Act, or Title 24 of the California Code of Regulations, during

9    the relevant time frame.

## TWELFTH AFFIRMATIVE DEFENSE—

11   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

12   to make alterations in such a manner that the altered portions of the facility are readily accessible

13   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

14   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

15   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

16   and policies and procedures in violation of the California Civil Code and for discrimination in

17   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

18   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

19   ROBERT McCARTHY)

20           Assuming, *arguendo*, that Plaintiff was denied access to the subject facility for the

21   reasons set forth in paragraph 10 and 11 of the Complaint, Defendants allege that they have no

22   liability for any such allegedly unlawful conditions because Defendants do not and have not exerted

23   custody and/or control over the parking area or sidewalk.  Therefore, the party Defendants are

24   improperly joined.

## THIRTEENTH AFFIRMATIVE DEFENSE—

26   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

27   to make alterations in such a manner that the altered portions of the facility are readily accessible

28   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7.

TLER MENDELSON
...
...
...
...

1  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

2  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

3  and policies and procedures in violation of the California Civil Code and for discrimination in

4  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

5  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

6  ROBERT McCARTHY)

7          Assuming, *arguendo*, that the facilities at issue were designed, developed,

8  constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

9  that all legal requirements for access by disabled persons have been met through the obtaining of

10  necessary permits from appropriate legal authorities for the construction, alteration or modification

11  of the premises, and that Defendants reasonably relied on the actions of such legal authorities.

12          **FOURTEENTH AFFIRMATIVE DEFENSE—**

13  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

14  to make alterations in such a manner that the altered portions of the facility are readily accessible

15  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

16  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

17  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

18  and policies and procedures in violation of the California Civil Code and for discrimination in

19  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

20  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

21  ROBERT McCARTHY)

22          Assuming, *arguendo*, that the facilities at issue were designed, developed,

23  constructed, modified and/or altered in violation of federal and/or California law, Defendants allege

24  that they had no such knowledge.

25          **FIFTEENTH AFFIRMATIVE DEFENSE—**

26  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

27  to make alterations in such a manner that the altered portions of the facility are readily accessible

28  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

LER MENDELSON
...California Corporation
...Del California Street
20th Floor
...amento, CA 94108-2693
415 439-1940

8.

1  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

2  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

3  and policies and procedures in violation of the California Civil Code and for discrimination in

4  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

5  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

6  ROBERT McCARTHY)

7          Defendants allege that they did not deny Plaintiff full and equal access to goods,

8  services, facilities, privileges, advantages or accommodations within a public accommodation

9  owned, leased and/or operated by Defendants as required by federal law, including, but not limited

10  to the Americans with Disabilities Act and/or California law, including, but not limited to Civil Code

11  §§ 51, 52, 54, 54.1, 54.3 and 55.

12                    **SIXTEENTH AFFIRMATIVE DEFENSE—**

13  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

14  to make alterations in such a manner that the altered portions of the facility are readily accessible

15  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

16  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

17  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

18  and policies and procedures in violation of the California Civil Code and for discrimination in

19  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

20  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

21  ROBERT McCARTHY)

22          Defendants allege that they provided Plaintiff with alternative methods for access to

23  the facility.

24                    **SEVENTEENTH AFFIRMATIVE DEFENSE—**

25  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

26  to make alterations in such a manner that the altered portions of the facility are readily accessible

27  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

28  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

9.

EFLER MENDELSON
Professional Corporation
650 California Street
20th Floor
Francisco, CA 94108 2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          CASE NO. 107CV090439

1  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

2  and policies and procedures in violation of the California Civil Code and for discrimination in

3  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

4  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

5  ROBERT McCARTHY)

6          Defendants allege that Plaintiff has failed to exhaust the administrative remedies

7  available to him.

8              **EIGHTEENTH AFFIRMATIVE DEFENSE—**

9  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

10  to make alterations in such a manner that the altered portions of the facility are readily accessible

11  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

12  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

13  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

14  and policies and procedures in violation of the California Civil Code and for discrimination in

15  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

16  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

17  ROBERT McCARTHY)

18          Defendants allege that Plaintiff failed to notify Defendants of his need, if any, for

19  equivalent service and access or accommodation, and failed to allow Defendants the opportunity to

20  provide such.

21              **NINETEENTH AFFIRMATIVE DEFENSE—**

22  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

23  to make alterations in such a manner that the altered portions of the facility are readily accessible

24  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

25  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

26  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

27  and policies and procedures in violation of the California Civil Code and for discrimination in

28  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

10.

1   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

2   ROBERT McCARTHY)

3          Defendants allege that the acts or omissions alleged were the proximate result of the

4   conduct of third persons such that Defendants cannot be held liable for such acts or omissions, and

5   that said third persons owe a duty to Defendants to indemnify it for any damages, attorney's fees

6   and/or costs incurred as a result of this litigation.

7                      **TWENTIETH AFFIRMATIVE DEFENSE—**

8   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

9   to make alterations in such a manner that the altered portions of the facility are readily accessible

10  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

11  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

12  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

13  and policies and procedures in violation of the California Civil Code and for discrimination in

14  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

15  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

16  ROBERT McCARTHY)

17         Defendants allege that the alleged acts or omissions to which Plaintiff refers that form

18  the basis of Plaintiff's Complaint were done, if at all, in good faith, honestly and without malice and

19  have not violated any rights Plaintiff may have under federal, state or local laws, regulations or

20  guidelines.

21                    **TWENTY-FIRST AFFIRMATIVE DEFENSE—**

22  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

23  to make alterations in such a manner that the altered portions of the facility are readily accessible

24  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

25  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

26  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

27  and policies and procedures in violation of the California Civil Code and for discrimination in

28  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11.

1   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

2   ROBERT McCARTHY)

3          Defendants allege that the cost of some or all of the modifications to the subject

4   properties that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of the

5   cost and scope to that of any alterations made within the statutory period, if any.

6                    **TWENTY-SECOND AFFIRMATIVE DEFENSE—**

7   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

8   to make alterations in such a manner that the altered portions of the facility are readily accessible

9   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

10  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

11  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

12  and policies and procedures in violation of the California Civil Code and for discrimination in

13  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

14  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

15  ROBERT McCARTHY)

16         Defendants allege that they granted Plaintiff access to Defendants' facilities, and if

17  Plaintiff was in fact excluded from Defendants' facility, any such exclusion was for reasons

18  rationally related to the services performed and the facilities provided by Defendants.

19                    **TWENTY-THIRD AFFIRMATIVE DEFENSE—**

20  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

21  to make alterations in such a manner that the altered portions of the facility are readily accessible

22  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

23  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

24  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

25  and policies and procedures in violation of the California Civil Code and for discrimination in

26  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

27  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

28  ROBERT McCARTHY)

LITTLER MENDELSON

1    Defendants allege that they have fulfilled any obligation they may have had to

2  reasonably accommodate Plaintiff's alleged disabilities.

3  <center>**TWENTY-FOURTH AFFIRMATIVE DEFENSE—**</center>

4  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

5  to make alterations in such a manner that the altered portions of the facility are readily accessible

6  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

8  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

9  and policies and procedures in violation of the California Civil Code and for discrimination in

10  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

12  ROBERT McCARTHY)

13    Defendants allege that any and all actions taken by Defendants, or anyone acting on

14  their behalf, if any, with respect to Plaintiff or the conditions of the establishment in question, were

15  for lawful and legitimate, non-discriminatory reasons.

16  <center>**TWENTY-FIFTH AFFIRMATIVE DEFENSE—**</center>

17  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18  to make alterations in such a manner that the altered portions of the facility are readily accessible

19  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22  and policies and procedures in violation of the California Civil Code and for discrimination in

23  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25  ROBERT McCARTHY)

26    Defendants allege that the Complaint and each and every cause of action alleged

27  therein is barred in that at all times relevant hereto, Defendants acted reasonably, in good faith and

28  without malice, based upon the relevant facts and circumstances known to them at the time they

<center>13.</center>

ITLEH MENDELSON
Muir Kurumik Corporation
Suu Culifornia Street
16th Floor
-rancisco, CA 94108 2693
ap7 433 1940

1  acted, if at all.

2  **TWENTY-SIXTH AFFIRMATIVE DEFENSE—**

3  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

4  to make alterations in such a manner that the altered portions of the facility are readily accessible

5  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

6  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

7  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

8  and policies and procedures in violation of the California Civil Code and for discrimination in

9  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

10  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

11  ROBERT McCARTHY)

12     Defendants allege that Defendants' services and/or facilities provided to the public

13  are readily accessible to and usable by persons with disabilities as required by California and Federal

14  laws, including, but not limited to, the Americans with Disabilities Act, California Civil Code §§ 51

15  et seq., California Civil Code §§ 54 et seq. and the California Health and Safety Code Part 5.5.

16  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE—**

17  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18  to make alterations in such a manner that the altered portions of the facility are readily accessible

19  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22  and policies and procedures in violation of the California Civil Code and for discrimination in

23  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25  ROBERT McCARTHY)

26     Defendants allege that Plaintiff was not a true customer of the restaurant, and that

27  Plaintiff was merely a tester engaged in visiting Defendants' facilities in order to ascertain whether

28  there were any purported Americans with Disabilities Act and/or related violations.

14.

TLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 132 1940

1

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE—**

2  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3  to make alterations in such a manner that the altered portions of the facility are readily accessible

4  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7  and policies and procedures in violation of the California Civil Code and for discrimination in

8  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10  ROBERT McCARTHY)

11          Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

12  Defendants allege that it would be structurally impracticable to design and construct the facility to

13  make it reasonably accessible to people with disabilities.

14

**TWENTY-NINTH AFFIRMATIVE DEFENSE—**

15  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

16  to make alterations in such a manner that the altered portions of the facility are readily accessible

17  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

18  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

19  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

20  and policies and procedures in violation of the California Civil Code and for discrimination in

21  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

22  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

23  ROBERT McCARTHY)

24          Assuming, *arguendo*, that Plaintiff was denied access to the subject facility,

25  Defendants allege that such exclusion was not unlawful because the facility operated by Defendants

26  was not a newly constructed facility, nor did it have any alterations requiring compliance with any

27  applicable law during the relevant timeframe.

28

TLER MENDELSON
PROFESSIONAL CORPORATION
65 . California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

15.

1  **THIRTIETH AFFIRMATIVE DEFENSE—**

2  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3  to make alterations in such a manner that the altered portions of the facility are readily accessible

4  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7  and policies and procedures in violation of the California Civil Code and for discrimination in

8  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10  ROBERT McCARTHY)

11  Defendants allege that the prosecution of a representative action on behalf of the

12  general public under California Business and Professions Code §§ 17200 et seq., as applied to the

13  facts and circumstances of this case, would constitute a denial of Defendants' due process rights,

14  both substantive and procedural, in violation of the California Constitution and the Fourteenth

15  Amendment of the United States Constitution.

16  **THIRTY-FIRST AFFIRMATIVE DEFENSE—**

17  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

18  to make alterations in such a manner that the altered portions of the facility are readily accessible

19  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

20  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

21  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

22  and policies and procedures in violation of the California Civil Code and for discrimination in

23  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

24  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

25  ROBERT McCARTHY)

26  Defendants allege that Plaintiff had equal access to the facilities at issue as non-

27  disabled individuals.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
150 Lafayette Street
26th Floor
San Francisco, CA 94108-2693
415 433 1940

16.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          CASE NO. 107CV090439

1     **THIRTIETH-SECOND AFFIRMATIVE DEFENSE—**

2     (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

3     to make alterations in such a manner that the altered portions of the facility are readily accessible

4     and usable by individuals with disabilities, failure to remove architectural barriers and failure to

5     modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

6     SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

7     and policies and procedures in violation of the California Civil Code and for discrimination in

8     violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

9     California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

10    ROBERT McCARTHY)

11           Defendants allege that Plaintiff is not legally entitled to recover any attorneys' fee

12    with regard to this matter.

13    **THIRTY-THIRD AFFIRMATIVE DEFENSE—**

14    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

15    to make alterations in such a manner that the altered portions of the facility are readily accessible

16    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

17    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

18    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

19    and policies and procedures in violation of the California Civil Code and for discrimination in

20    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

21    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

22    ROBERT McCARTHY)

23           Defendants allege that Plaintiff has failed to state facts sufficient to set forth claim(s)

24    for punitive, treble and/or exemplary damages.

25    **THIRTY-FOURTH AFFIRMATIVE DEFENSE—**

26    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

27    to make alterations in such a manner that the altered portions of the facility are readily accessible

28    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

17.

TLER MENDELSON
...
...
...

1   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

2   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

3   and policies and procedures in violation of the California Civil Code and for discrimination in

4   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

5   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

6   ROBERT McCARTHY)

7           Defendants allege that Plaintiff has failed to allege special damages with the requisite

8   degree of specificity.

9   ### THIRTY-FIFTH AFFIRMATIVE DEFENSE—

10  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

11  to make alterations in such a manner that the altered portions of the facility are readily accessible

12  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

13  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

14  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

15  and policies and procedures in violation of the California Civil Code and for discrimination in

16  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

17  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

18  ROBERT McCARTHY)

19          Defendants allege that Plaintiffs did not exercise due caution or care with respect to

20  matters alleged in the Complaint and if, in fact, Plaintiffs suffered any damage or injury, Plaintiffs

21  contributed in whole or in part to such damage or injury, and, therefore, any remedy or recovery to

22  which Plaintiffs might otherwise by entitled must be denied or reduced accordingly.

23  ### THIRTY-SIXTH AFFIRMATIVE DEFENSE—

24  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

25  to make alterations in such a manner that the altered portions of the facility are readily accessible

26  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

27  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

28  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

18.

1  and policies and procedures in violation of the California Civil Code and for discrimination in

2  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

3  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

4  ROBERT McCARTHY)

5  Defendants allege that California Civil Code §§ 54.3 and 55, providing for public

6  prosecution and private injunctive relief for violations of Civil Code § 54.1, are to be exclusive and

7  damages provided for by Civil Code § 52 are not recoverable for such violations.

8  **THIRTY-SEVENTH AFFIRMATIVE DEFENSE—**

9  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

10  to make alterations in such a manner that the altered portions of the facility are readily accessible

11  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

12  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

13  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

14  and policies and procedures in violation of the California Civil Code and for discrimination in

15  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

16  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

17  ROBERT McCARTHY)

18  Defendants allege that they owed no duty of care toward Plaintiff.

19  **THIRTY-EIGHTH AFFIRMATIVE DEFENSE—**

20  (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

21  to make alterations in such a manner that the altered portions of the facility are readily accessible

22  and usable by individuals with disabilities, failure to remove architectural barriers and failure to

23  modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

24  SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

25  and policies and procedures in violation of the California Civil Code and for discrimination in

26  violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

27  California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

28  ROBERT McCARTHY)

19.

LITTLER MENDELSON
650 California Street
20th Floor
SAN FRANCISCO, CA 94108-2693
415 433 1940

1    Defendants allege that Plaintiff's alleged injuries and alleged damages, if any, were

2    proximately caused and contributed to by the negligence of Plaintiff.

3    **THIRTY-NINTH AFFIRMATIVE DEFENSE—**

4    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

5    to make alterations in such a manner that the altered portions of the facility are readily accessible

6    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

7    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

8    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

9    and policies and procedures in violation of the California Civil Code and for discrimination in

10   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

11   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

12   ROBERT McCARTHY)

13   Defendants allege that Plaintiff's claims are barred from any remedy, or certain

14   remedies, under the doctrines of unclean hands.

15   **FORTIETH AFFIRMATIVE DEFENSE—**

16   (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

17   to make alterations in such a manner that the altered portions of the facility are readily accessible

18   and usable by individuals with disabilities, failure to remove architectural barriers and failure to

19   modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

20   SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

21   and policies and procedures in violation of the California Civil Code and for discrimination in

22   violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

23   California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

24   ROBERT McCARTHY)

25   Defendants allege that the provisions Plaintiff relies upon for an award of punitive or

26   exemplary damages, and the substantive rules and procedures and standards for determining the

27   amount and/or whether or not to award such damages, and if so, in what amount, violates the due

28   process and equal protection rights of Defendants under the Constitutions of the United States and

20.

1    California.

2    <div align="center">**FORTY-FIRST AFFIRMATIVE DEFENSE—**</div>

3    (AGAINST PLAINTIFF'S FIRST CAUSE OF ACTION for denial of full and equal access, failure

4    to make alterations in such a manner that the altered portions of the facility are readily accessible

5    and usable by individuals with disabilities, failure to remove architectural barriers and failure to

6    modify practices, policies and procedures all in violation of the Americans with Disabilities Act,

7    SECOND CAUSE OF ACTION for denial of full and equal access and failure to modify practices

8    and policies and procedures in violation of the California Civil Code and for discrimination in

9    violation of the California Unruh Act, and THIRD CAUSE OF ACTION for violation of the

10    California Business and Professions Code BY ALL DEFENDANTS AGAINST PLAINTIFF

11    ROBERT McCARTHY)

12        Defendants reserve the right to amend this answer should it later discover facts

13    demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in

14    the law support the inclusion of new and/or additional defenses.

15    <div align="center">**PRAYER FOR RELIEF**</div>

16        WHEREFORE, Defendants pray that:

17        1.      Plaintiff take nothing by this action;

18        2.      The Complaint be dismissed with prejudice;

19        3.      Judgment be entered in favor of Defendants and against Plaintiff;

20        4.      Defendants recover their attorneys' fees;

21        5.      Defendants be awarded their costs of suit herein; and

22        6.      Defendants be awarded such other and further relief as the Court deems just

23    and proper.

24

25

26

27

28

<div align="center">21.</div>

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT       CASE NO. 107CV090439

1   Dated: September 27, 2007

2

3

TYLER M. PAETKAU
4   LITTLER MENDELSON
A Professional Corporation
5   Attorneys for Defendants
ALTAMIRA CORPORATION doing business
6   as Arby's® roast beef restaurant and
CHERRY CHASE INVESTORS
7

8

C:\Documents and Settings\abarbeau\Desktop\Altamira\Answer to Robert McCarthy's Complaint.doc
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
PROFESSIONAL CORPORATION
60 Camino Street
Suite Five
SANTA CLARA, CA 94108-2693
415 433-1940

22.

DEFENDANTS' ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT          CASE NO. 107CV090439

**PROOF OF SERVICE BY OVERNIGHT DELIVERY**

I am employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor, San Francisco, California  94108.2693.  On September 27, 2007, I deposited with Federal Express, a true and correct copy of the within documents:

DEFENDANTS ALTAMIRA CORPORATION AND CHERRY
CHASE INVESTORS' ANSWER TO PLAINTIFF'S UNVERIFIED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

in a sealed envelope, addressed as follows:

Pinnock & Wakefield
David C. Wakefield, Esq.
3033 Fifth Avenue, Suite 410
San Diego, CA 92103

Following ordinary business practices, the envelope was sealed and placed for collection by Federal Express on this date, and would, in the ordinary course of business, be retrieved by Federal Express for overnight delivery on this date.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 27, 2007, at San Francisco, California.


*Susan A. Becerra*
_____
Susan A. Becerra

(No. )

# EXHIBIT D

1  TYLER M. PAETKAU, Bar No. 146305
   AISHA N. BARBEAU, Bar No. 245339
2  LITTLER MENDELSON
   A Professional Corporation
3  650 California Street
   20th Floor
4  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
5
   Attorneys for Defendants
6  ALTAMIRA CORPORATION doing business as
   Arby's® roast beef restaurant and
7  CHERRY CHASE INVESTORS

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SANTA CLARA

10  ROBERT McCARTHY,                          Case No. 107CV090439

11              Plaintiff,                    **NOTICE TO PLAINTIFF, PLAINTIFF'S**
                                              **COUNSEL AND STATE COURT OF**
12       v.                                   **REMOVAL OF CIVIL ACTION**
                                              **PURSUANT TO 28 U.S.C. § 1441(b)**
13  ARBY'S ROAST BEEF RESTAURANT,             **(FEDERAL QUESTION)**
    ALTAMIRA CORPORATION, CHERRY
14  CHASE INVESTORS AND DOES 1                Dept:         10
    THROUGH 10, INCLUSIVE,                    Judge:        Hon. Neal A. Cabrinha
15
                Defendants.
16

17

18

19          TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF SANTA

20  CLARA, PLAINTIFF ROBERT McCARTHY and PLAINTIFF'S ATTORNEY OF RECORD:

21          PLEASE TAKE NOTICE that Defendants ALTAMIRA CORPORATION doing

22  business as Arby's® roast beef restaurant and CHERRY CHASE INVESTORS have on September

23  28, 2007, filed a Notice of Removal in the office of the Clerk of the United States District Court in

24  and for the Northern District of California pursuant to 28 U.S.C. §§ 1331, 1367, 1441(b) and 1446.

25  A true and correct copy of said Notice of Removal and accompanying exhibits are attached hereto

26  and incorporated herein by reference as Exhibit A.

27          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446, the filing of

28  said Notice of Removal of Civil Action with the United States District Court, together with the filing

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

NOTICE TO PLAINTIFF AND STATE COURT OF REMOVAL          CASE NO. 107CV090439

1   of said Notice of Removal of Civil Action with this Court, effects the removal of this action and this

2   Court may proceed no further unless and until the case is remanded.

3   Dated: September 28, 2007

4

5   _____

6   TYLER M. PAETKAU
    LITTLER MENDELSON
7   A Professional Corporation
    Attorneys for Defendants
8   ALTAMIRA CORPORATION doing business
    as Arby's® roast beef restaurant and
9   CHERRY CHASE INVESTORS

10

Firmwide:83166723.1 057642.1001

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

2.

JS44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Robert McCarthy

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Wakefield
Pinnock & Wakefield
3033 Fifth Avenue, Suite 410
San Diego, CA 92103

**DEFENDANTS**
Arby's Roast Beef Restaurant, Altamira Corporation, Cherry Chase Investors

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Marin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

ATTORNEYS (IF KNOWN)
Tyler M. Paetkau
Aisha N. Barbeau
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94015

## II. BASIS OF JURISDICTION  (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES  PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)  AND ONE BOX FOR DEFENDANT

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN  [PLACE AN "X" IN ONE BOX ONLY]

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT  (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [X] 446 Amer w/ disab - Other

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Discriminatory Practices in violation of the Americans with Disabilities Act, 42 U.S.C Section 12182 et seq.

## VII. REQUESTED IN COMPLAINT: [ ] CHECK IF THIS IS A CLASS ACTION  DEMAND $         CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23   JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S)   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY   "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   [ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE   9/28/07

SIGNATURE OF ATTORNEY OF RECORD

S44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**
Robert McCarthy

**DEFENDANTS**
Arby's Roast Beef Restaurant, Altamira Corporation, Cherry Chase Investors

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Marin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
David C. Wakefield
Pinnock & Wakefield
3033 Fifth Avenue, Suite 410
San Diego, CA 92103

ATTORNEYS (IF KNOWN)
Tyler M. Paetkau
Aisha N. Barbeau
Littler Mendelson
650 California Street, 20th Floor
San Francisco, CA 94015

**II. BASIS OF JURISDICTION**   (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1. U.S. Government Plaintiff
- [ ] 2. U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)   AND ONE BOX FOR DE FEND ANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN**   [PLACE AN "X" IN ONE BOX ONLY]

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury -Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | **PERSONAL PROPERTY** | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [x] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | [ ] 890 Other Statutory Actions |
| | [x] 446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Discriminatory Practices in violation of the Americans with Disabilities Act, 42 U.S.C Section 12182 et seq.

**VII. REQUESTED IN COMPLAINT:** [ ] CHECK IF THIS IS A CLASS ACTION   DEMAND $ ____   CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23   JURY DEMAND: [x] YES [ ] NO

**VIII. RELATED CASE(S)**   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
**IF ANY**   "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)   [ ] SAN FRANCISCO/OAKLAND   [x] SAN JOSE

DATE   9/28/07   SIGNATURE OF ATTORNEY OF RECORD